**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ANGEL LOPEZ,

Defendant - Appellant.

No. 06-6353
(D.C. No. CR-06-118-01-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Jose Lopez appeals his convictions, following a jury trial, on eight counts

of transporting an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and

(B)(ii).  Lopez argues that the district court erred in admitting evidence that he

was paid for the trip and that Immigrations and Customs Enforcement ("ICE")

had previously allowed him a voluntary departure to Mexico.  He also claims that

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

he was prejudiced by the presence of a box under the prosecutor's table that read "OK Bomb VZB." For the reasons set forth below, we **AFFIRM**.

On April 26, 2006, Chief Martin Schubert stopped a loaded passenger van for speeding in North Enid, Oklahoma. Brandy Beverly, Lopez's girlfriend, was driving but did not have a driver's license, leading Schubert to ask if anyone else in the van had one. Lopez responded that he had a driver's license, but did not have it with him. Instead, he gave Schubert a photocopy of a California birth certificate. Both Beverly and Lopez stated that they were traveling from Colorado to Oklahoma City, and that the other passengers in the van were not in the country legally. Schubert made contact with ICE, which took Lopez, Beverly, and the passengers into custody.

Lopez was initially indicted on eight counts of transporting an illegal alien for private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i) – a charge that carries a maximum sentence of 10 years' imprisonment. However, on June 20, 2006, a superceding indictment was filed that modified the charges to drop the financial gain element. Under 8 U.S.C. § 1324(a)(1)(B)(ii), the maximum penalty Lopez faced under these latter charges was five years' imprisonment.

Lopez filed a motion in limine seeking to exclude any evidence that he was paid by the passengers, but it was denied. Evidence was introduced at trial indicating that some of the passengers had learned of Lopez's van service from

business cards, and that they intended to pay Lopez upon reaching their destinations. U.S. Border Patrol agent Manuel Zuniga testified that he had interviewed Lopez in 2005 and that Lopez was allowed a voluntary departure to Mexico after he admitted to being in the United States illegally. Towards the end of the trial, Lopez's counsel noticed a box under the prosecutor's table labeled "OK Bomb VZB," and immediately moved for a mistrial. The court denied that motion, but offered to poll the jury or provide a limiting instruction, an offer that Lopez declined. Lopez was convicted on all counts and sentenced to 30 months' imprisonment.

Lopez advances a twofold argument with respect to the evidence of payment. First, he contends that such evidence created a variance. "The ultimate questions of whether a variance existed, and whether it was fatal such that relief is required, are questions of law that we review de novo." United States v. Williamson, 53 F.3d 1500, 1512 (10th Cir. 1995). A variance occurs "when the evidence adduced at trial establishes facts different from those alleged in an indictment." United States v. Windrix, 405 F.3d 1146, 1153 (10th Cir. 2005) (quotation and citation omitted). "[A] variance, without more, will not warrant relief as long as the proof corresponds to an offense clearly charged in the indictment because the defendant will have had notice of that charge and cannot claim prejudice." Williamson, 53 F.3d at 1513.

Because Lopez unambiguously had notice of the charges for which he was convicted, he is not entitled to relief. The superceding indictment included the time and place of the offense, as well as the names of the aliens and the type of vehicle in which they were traveling. As discussed below, the prosecution introduced testimony showing that Lopez was to be paid for transporting the aliens to show motive or as res gestae. Whether the evidence adduced at trial also could have supported a conviction for a crime carrying a stiffer penalty is irrelevant.

Lopez further contends that evidence of payment was inadmissible even if it did not create a variance. We review the trial court's evidentiary rulings for abuse of discretion. United States v. Gorman, 312 F.3d 1159, 1162 (10th Cir. 2002). Fed. R. Evid. 404(b) precludes evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." However, it allows such evidence to prove motive, knowledge, or lack of mistake. Id. Here, evidence that the illegal aliens planned to pay Lopez substantially inflated transportation fees was properly admitted to show Lopez's motive and his knowledge that the individuals were in the country illegally. Testimony that passengers came into contact with Lopez through business cards was properly admitted as res gestae. Moreover, because its probative value was not substantially outweighed by its prejudicial effect, admission of this evidence did not violate Fed. R. Evid. 403.

- 4 -

Lopez also argues that the admission of Agent Zuniga's testimony was improper under Fed R. Crim. P. 403 and 404(b). Again, this evidence was properly admitted to show Lopez's knowledge that the individuals in the van were illegal aliens – the central issue at trial. The fact that Lopez had admitted to being an illegal alien showed that the California birth certificate he presented during the traffic stop was false, which in turn, indicates that Lopez knew he was committing a crime and was attempting to conceal his identity. Moreover, the court provided a limiting instruction directing the jury to consider evidence of Lopez's prior bad acts only for certain enumerated, permissible purposes.

Finally, Lopez claims the presence of a box labeled "OK Bomb VZB" unfairly prejudiced his defense. When a defendant objects to the presence of a courtroom item, we must first determine whether its presence was "inherently prejudicial." Holbrook v. Flynn, 475 U.S. 560, 570 (1986). The record before us, however, is insufficient to make this determination because we do not know whether the jurors actually saw the box. Nothing in the record indicates the size of the lettering or the orientation of the box, and Lopez declined the court's offer to poll the jurors. We will not presume facts in favor of an appellant, especially when that appellant rejected the court's invitation to establish a sufficient record. Accordingly, we must affirm the district court on this point. Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the record is insufficient to permit review we must affirm.").

**AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge